**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEROME WILLIAMS, #242439,

    Petitioner,

                                          Civil No: 07-CV-10898
                                          Honorable Patrick J. Duggan

v.

KENNETH ROMANOWSKI,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS
CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 29, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner, Jerome R. Williams, is a state inmate currently incarcerated at Kinross Correctional Facility in Kincheloe, Michigan. Petitioner was convicted at the conclusion of a Wayne County Circuit Court jury trial of second-degree murder, Mich. Comp. Laws Ann. §750.317; felon in possession of a firearm, *id.* §750.224f; assault with intent to do great bodily harm, *id.* §750.84; and possession of a firearm during the commission of a felony, *id.* §750.227b. Petitioner was sentenced as an habitual offender, *id.* §769.10, to 40 to 60 years imprisonment for the murder conviction; one year 10 months to seven years six months for the felon in possession conviction; five years 10 months to 15 years for the assault

conviction; and a two-year consecutive term of imprisonment for the felony firearm conviction. Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. §2254. For the reasons stated below, the Court denies the petition.

## I. BACKGROUND

The state appellate court in this case set forth the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), as follows:

> This case arose when the murder victim pulled his car up to the curb in front of an apartment building where defendant's mother lived and called out for defendant. Defendant poked his head out of the second story window and engaged the murder victim in conversation while the murder victim's cousin sat in the passenger seat. Defendant eventually came down from the second-floor apartment and approached the car visibly armed with a chrome pistol. He crouched down at the driver's-side window, which was nearest to the curb, and resumed his conversation with the murder victim. After a short discussion about a previous shooting, defendant stood up and said, "but you know what, man,"pulled out his pistol, stepped back onto the curb, and started firing at the driver. Defendant killed the driver. The passenger was shot four times in the arm and once in the leg before he was able to escape the car and get help.

*People v. Williams,* No. 256437, 2005 WL 3179732, *1 (Mich. Ct. App. Nov. 29, 2005) (per curiam).

Petitioner filed an appeal of right and raised the following claims:

I. Where the evidence of first-degree murder was insufficient, [Petitioner] is entitled to a new trial where the jury was allowed to consider this charge in violation of due process, which substantially decreased [Petitioner's] chances of acquittal.

II. The trial court denied [Petitioner's] right to a fair trial by failing to grant the defense request to sever the felon-in-possession charge from the other counts alleged, effectively predisposing the jury against him as a convicted felon.

III. [Petitioner] is entitled to resentencing because the sentencing judge increased the statutory sentencing guidelines range in his case based on facts which were not proven to a jury beyond a reasonable doubt, in violation of *Blakely v Washington*.

IV. [Petitioner] did not received the effective assistance of counsel at sentencing where counsel failed to object to points assessed that were inconsistent with the jury's verdict and resulted in an extremely long minimum sentence.

V. [Petitioner's] judgment of sentence must be corrected where [Petitioner's] sentence for second-degree murder must be reduced in accordance with the two-thirds rule of *People v Tanner*, 387 Mich 683 (1972) and *People v Thomas*, 447 Mich 390 (1994).

The Michigan Court of Appeals affirmed Petitioner's conviction, but remanded the matter for a five-month reduction of Petitioner's second-degree murder sentence so that it would not exceed two-thirds of the maximum sentence imposed. *Williams*, 2005 WL 3179732, *2.

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court which was denied. *People v. Williams,* 475 Mich. 869, 714 N.W.2d 654 (2005)(table). However, Justice Marilyn J. Kelly would have held the "case in abeyance for *People v. Drohan,* lv. gtd. 472 Mich. 881, 693 NW2d 823 (2005)." *Id.*

Petitioner now seeks a writ of habeas corpus raising the first four of the five arguments asserted in his direct appeal. For the reasons set forth below, the Court denies the petition.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions. Petitioner is entitled to the writ

3

of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. at 1523.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410, 120 S. Ct. at 1522. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law is objectively unreasonable." *Id.* at 409, 120 S. Ct. at 1521. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.3d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

## III. DISCUSSION

### A. Sufficiency of Evidence
### (First-Degree Murder)

Although he was ultimately acquitted of the charge, Petitioner asserts that there was insufficient evidence of first-degree murder and that he was prejudiced by the submission of that charge to the jury. The Michigan Court of Appeals rejected this argument and ruled as follows:

> In this case, defendant was positively identified as the shooter, and there can be no doubt of his intent to kill the driver. Regarding premeditation and deliberation, a jury could reasonably interpret defendant's possession of the pistol when he came out of the apartment building and his words just before pulling the trigger as evidence that defendant considered murdering the driver before the conversation on the street began. Defendant also had time to deliberate as he withdrew from the relatively calm conversation, pulled his pistol from his waistband, and stepped back onto the curb for a better shot at the victim's vital organs. Because the first degree murder charge had sufficient factual support, defendant's argument lacks merit.

*Williams*, 2005 WL 3179732, *1 (internal citations omitted). The United States Court of Appeals for the Sixth Circuit has yet to decide whether the submission of a charge to a jury can justify habeas relief if the petitioner is ultimately acquitted of that charge. *See Daniels v. Burke*, 83 F.3d 760, 765 n.4 (1996). In any event, though, Petitioner's argument must fail if there was sufficient evidence presented from which a jury could have concluded that he was guilty of first-degree murder. *Id.*

In determining whether there was sufficient evidence to justify a charge of first-degree murder, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements

5

of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This "standard must be applied with explicit references to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16, 99 S. Ct. at 2792 n.16.

Under Michigan law, "the elements of first-degree murder are 'that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate." *Williams*, 2005 WL 3179732, *1 (quoting *People v. Anderson*, 209 Mich. App. 527, 537, 531 N.W.2d 780, 786 (1995)). Furthermore, "[p]remeditation is measured in time; time to permit a reasonable person to subject the nature of his response to a second look." *People v. Brown*, 137 Mich. App. 396, 407, 358 N.W.2d 592, 597 (1984). "The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing." *Anderson*, 209 Mich. App. at 537, 531 N.W.2d at 786. Relevant factors include the relationship of the parties, the defendant's actions prior to the killing, the circumstances of the killing, and the defendant's conduct after the killing. *See Id.*; *Brown*, 137 Mich. App. at 407, 358 N.W.2d at 597. Further, because first-degree murder requires premeditation and deliberation rather than simply malice aforethought (as is required for second-degree murder), the actor must have the specific intent to kill in order to be convicted of first-degree murder. *See People v. Hart*, 437 Mich. 898, 898, 465 N.W.2d 328 (1991).

In this case, the murder victim, Macnackia Johnson, was the driver of the vehicle and his cousin, Robert Johnson, Jr., was the passenger. Robert testified that he and Macnackia drove to Petitioner's mother's home looking for Petitioner. Robert further testified that once

6

they arrived in front of the home, Macnackia honked his horn and verbally called out for Petitioner. Petitioner came to the window of the home and engaged in a conversation with Macnackia about a shooting that happened two days prior. Robert testified that Macnackia and Petitioner were "friends" and that Macnackia knew Petitioner was involved in that shooting and wanted to check on him to see if Petitioner was alright. Robert further testified that Petitioner eventually emerged from the home, came outside armed with a gun in his waistband and approached the driver's side window of the vehicle where Macnackia was sitting. Just prior to Petitioner coming to the vehicle, another vehicle came and parked directly in front of the Johnsons's vehicle. The driver emerged from that vehicle and went toward Petitioner's front porch.

Once Petitioner arrived at the Johnsons's vehicle, he crouched down so that he could be at eye level with Macnackia while they continued their conversation. Robert could not hear all of the particulars of the conversation, but heard Petitioner tell Macnackia that if "they" were looking for *him*, they knew where he lived.[1] Robert further testified that Petitioner then said "but, you know what, man," stood up, stepped away from the vehicle and up onto the curb,[2] pulled out his gun, and proceeded to shoot into the driver's side window several times killing Macnackia and wounding Robert. Macnackia was hit five times and Robert was hit four times. As the shooting continued, Robert tried to get the car away from

---

[1] It is not clear whether "him" is the victim or Petitioner.

[2] Macnackia had parked the vehicle against the flow of traffic on the wrong side of the street, making the driver's side of the vehicle closest to the sidewalk.

Petitioner's line of fire by putting the car in gear so it would move forward. However, the vehicle that had arrived just moments before and parked directly in front of their car was blocking them in the parking space. Robert was ultimately able to get out of the car and escape on foot. Dr. Boguslaw Pietak, the medical examiner, testified that the wound track from the bullet wound to the Macnackia's left back was consistent with an attempt to get away from the shooting.

Petitioner presented an alibi defense and called his grandmother, Jesse Mae Williams; his aunt, Kyshanda Williams; and his girlfriend, Voncile Lewis, who testified that Petitioner was at his grandmother's home around the time of the shooting. However, none of the witnesses could identify with any certainty the exact time frame in which Petitioner was at his grandmother's home. Therefore, by convicting Petitioner of second-degree murder, either the jury did not find their testimony persuasive enough or the jury did not find these witnesses credible. To the extent that Petitioner challenges the inferences that the jury drew from the testimony presented at trial and the weight to be accorded certain pieces of evidence, he is not entitled to relief. *Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir. 1983). "It is the province of the factfinder . . . to weigh the probative value of the evidence and resolve any conflicts in testimony." *Neal v. Morris,* 972 F.2d 675, 679 (6th Cir. 1992). A habeas court must defer to the factfinder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys,* 319 F.3d 780, 788-89 (6th Cir. 2003).

On this evidence, a rational jury could have convicted Petitioner of first-degree murder. Specifically, a rational jury could have chosen to credit Robert Johnson's testimony

and to discount or reject outright Petitioner's alibi theory of the case. The actions of Petitioner, as attested to by Robert Johnson, could justify a finding of premeditation and deliberation. As such, the Michigan Court of Appeals' decision to reject Petitioner's insufficiency of evidence argument relative to the first-degree murder charge was not an unreasonable application of law. Petitioner's claim that the charge of first-degree murder was not supported by constitutionally sufficient evidence is without merit and habeas relief is not warranted.

### B. Trial Court Error in its Failure to Grant Petitioner's Motion to Sever the Felon in Possession Charge from the Remaining Charges

Petitioner maintains that the trial court erred when it failed to sever the felon in possession charge from the other charges. The Michigan Court of Appeals was not persuaded by this argument and stated the following:

> In *People v. Mayfield,* 221 Mich. App. 656, 659-660; 562 NW2d 272 (1997), we held that a charge of felon-in-possession may be tried together with other felonies arising our of the same transaction, but added that a defendant should avail himself of certain safeguards against unfair prejudice. The safeguards enumerated included stipulating to the conviction and a limiting instruction requiring the jury to give each count separate consideration. *Id.* Here, the trial court employed these safeguards to minimize any prejudice, and accordingly the trial court did not abuse its discretion when it denied defendant's severance motion. *People v. Duranseau,* 221 Mich. App. 204, 208; 561 NW2d 111 (1997).

*Williams,* 2005 WL 3179732, *1.

As an initial matter, Petitioner's allegation that the trial judge erred in denying the motion to sever involves the alleged failure of the trial judge to comply with state law

9

requirements. *See Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007). As such, "it is not cognizable in a federal habeas corpus proceeding." *Spalla v. Foltz,* 788 F.2d 400, 405 (6th Cir. 1986); see also *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991)("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). But while "errors of state law alone cannot form the basis for relief under federal *habeas corpus*," *Sinistaj v. Burt,* 66 F.3d 804, 807 (6th Cir. 1995), a due process violation will be recognized if the denial of the motion for severance results in a fundamentally unfair trial. *Davis*, 475 F,3d at 777. To prove such a violation, Petitioner must show more than the potential for prejudice; he must prove actual prejudice occurred at trial. *Herring v. Meachum,* 11 F.3d 374, 377-78 (2d Cir. 1993).

Here, Petitioner cannot demonstrate that the trial court's denial of his request to sever the felon-in-possession charge from the remaining counts was erroneous. The Court recognizes from its review of the record that at least two safeguards were in place to protect Petitioner from prejudice at trial. First, Petitioner stipulated to the fact that he had a prior felony conviction without elaborating upon the details of the conviction. Second, the trial court gave the jury a limiting instruction about considering each charge separately as follows:

> The Defendant is charged with four counts; that is, with the crimes of murder first degree premeditated, assault with intent to murder, weapons felony firearm, and weapons firearms possession by a felon. These are separate crimes and the prosecutor is charging that the Defendant committed all of them. You must consider each crime separately in light of all of the evidence in this case. You may find the Defendant guilty of all, any one, or any combination of these crimes, guilty of a less serious crime or not guilty.

(Trial Tr., 10/12/01, at 24.)

10

Although several procedural safeguards have been adopted by the Michigan courts, there is no requirement that every single procedural safeguard be utilized in order to protect an individual's due process rights relative to severance motions. *People v. Green,* 228 Mich. App. 684, 691-92; 580 NW2d 444, 448-49 (1998). The facts and circumstances of each case must be considered. *People v. Finney,* No. 206879, 1999 WL 33437880, *3 (Mich. Ct. App. Aug. 10, 1999). The Court does not find that habeas relief is warranted where procedural safeguards were utilized to prevent prejudice.

### C. Erroneous Increase in the the Statutory Guidelines

Petitioner claims that "he is entitled to resentencing because the trial judge increased the statutory sentencing guidelines range based on facts not proven to a jury beyond a reasonable doubt, in violation of *Blakely v. Washngton,* 542 US 296; 124 SCt 2531; 159 LEd2d 403 (2004)." *Williams,* 2005 WL 3179732, *2. The Michigan Court of Appeals reviewed this issue under the plain error standard and rejected Petitioner's argument as follows:

> [D]efendant failed to preserve this issue, and thus we will not reverse his conviction unless we find plain error that affected defendant's substantial rights. . . . [O]ur Supreme Court determined that *Blakely, supra,* does not apply to Michigan's indeterminate sentencing structure. Therefore, we do not find any plain error. Therefore, we do not find any plain error.

*Id.* at *2.

Taking the cue from the Michigan Court of Appeals, Respondent contends that habeas relief should be denied relative to Petitioner's *Blakely* claim because it is barred by procedural default. The Supreme Court has described the doctrine of procedural default as

11

follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). Although the procedural default doctrine precludes habeas relief on a defaulted claim absent satisfaction of the cause-and-prejudice test, the doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89, 118 S. Ct. 478, 480 (1997). The Court would ordinarily resolve the procedural default issue first, however, "judicial economy sometimes dictates reaching the merits [of a claim] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999); *see also Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003)("[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."). In this case, it is more efficient to proceed directly to the merits of the Petitioner's claims.

In support of Petitioner's request for habeas relief, he relies upon the case of *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531 (2004), in which the U.S. Supreme Court applied the rule that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. 542 U.S. at 301, 124 S. Ct. at 2536 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct.

2348, 2362-63 (2000)).

The problem with Petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. *Id.* at 308-09, 124 S. Ct. at 2540. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan*, 475 Mich. 140, 161, 715 N.W.2d 778, 790 (2006). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely,* create a range within which the trial court must set the minimum sentence." *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 236 n.7 (2003) (citing Mich. Comp. Laws Ann. § 769.34(2)). In setting the minimum sentence, the trial judge can never exceed the maximum sentence. *People v. Claypool,* 470 Mich. 715, 730 n.14, 684 N.W.2d 278, 286 n.14 (2004). In this way, Michigan's indeterminate sentencing scheme does not infringe on the province of the jury and is therefore unaffected by the Supreme Court's holdings in *Blakely* and *Apprendi*. *Drohan*, 475 Mich. at 159-61, 715 N.W.2d at 789-90.

Under Michigan law, the maximum penalty for second-degree murder is life or any term of years. Mich. Comp. Laws Ann. § 750.317. The maximum penalty for being a felon in possession of a firearm is five years. *Id.* § 750.224f. The maximum penalty for assault with intent to do great bodily harm is ten years. *Id.* § 750.84 According to *Id.* § 769.10(1), the maximum the trial court could have sentenced Petitioner on each of the charges was no

13

more than 1½ times the longest prescribed term of imprisonment for a first conviction of that offense. Because Petitioner's sentences as to each offense do not exceed the 1½ time frame, his sentence is within the statutory maximum for each of his offenses, and he is not entitled to habeas relief on his *Blakely* claim.

### D. Ineffective Assistance of Counsel
### (Sentencing)

Related to his above stated sentencing claim, Petitioner argues that defense counsel should have placed an objection on the record challenging the imposed sentence. Because he did not, Petitioner claims his attorney was ineffective. The Michigan Court of Appeals disagreed and stated, "because trial counsel had no valid *Blakely* objection at the time of sentencing, we do not find that defendant was deprived of effective assistance of counsel for trial counsel's failure to object on these grounds." *Williams,* 2005 WL 3179732, *2.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, he must satisfy a two-prong test. In *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984), the United States Supreme Court set forth the two-pronged test for determining whether a habeas petitioner received ineffective assistance. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687, 104 S. Ct. at 2064. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690, 104 S. Ct. at 2066. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689, 104 S. Ct. at 2065. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690, 104 S. Ct. at 2066.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* Ultimately, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686, 104 S. Ct. at 2064.

For the reasons set forth above regarding the inapplicability of *Blakely* to the trial court's determination of Petitioner's minimum sentence, the Court does not find that defense counsel's failure to place a sentencing objection on the record constitutes ineffective assistance of counsel. Habeas relief is denied on this claim.

### E.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the

denial of a habeas petition for relief from either a state or federal conviction.³ 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37, 123 S. Ct. at 1039. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The court thus declines to issue Petitioner a certificate of appealability.

Finally, although the Court has denied a certificate of appealability in this case, the Court will grant leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

### IV. CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation

---

³Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

of the Constitution or laws of the United States.

Accordingly,

**IT IS ORDERED** that the "Petition for Writ of Habeas Corpus" [Dkt. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the court **DENIES** Petitioner a certificate of appealability.

**IT IS FURTHER ORDERED** that any application for leave to appeal *in forma pauperis* is **GRANTED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT COURT

Copies to:
Jerome Williams, #242439
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

Raina I. Korbakis, Esq.